# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANDREA FOSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2068** |
| **AUTO OWNERS INSURANCE COMPANY, ET AL.** | **SECTION: "G" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff, Deandrea Foster's ("Plaintiff"), Motion to Remand.[1] Plaintiff asserts that removal of this matter was not proper under 28 U.S.C. 1446(b)(2)(A), as all defendants did not properly consent to removal, and this matter should be remanded to the Civil District Court for the Parish of Orleans.[2] Defendants Auto Owners Insurance Company ("Auto Owners"), By the Sea Resorts, Inc. ("By the Sea"), and Joseph Holloway ("Holloway") (collectively ("Removing Defendants")) oppose the motion and argue that Liberty Mutual Personal Insurance Company ("Liberty Mutual") provided timely consent to removal.[3] For the reasons discussed in more detail below, the Court finds that Liberty Mutual has clearly and unambiguously manifested its consent to removal in writing. Accordingly, having considered the motion, the memoranda in support, the memoranda in opposition, the record, and applicable law, the Court denies Plaintiff's Motion to Remand.

---

[1] Rec. Doc. 8.

[2] *Id.* at 1.

[3] Rec. Doc. 9.

**I. Background**

On or about May 17, 2022, Plaintiff was allegedly involved in an automobile collision with a truck owned by By the Sea and operated by Holloway.[4] Plaintiff asserts that Holloway was in the course and scope of his employment with By the Sea.[5] Plaintiff alleges that Auto Owners provided a policy of liability insurance to By the Sea that was in effect at the time of the accident.[6] Plaintiff maintains that at the time the accident, there was a policy of medical payments coverage issued by Liberty Mutual under which Liberty Mutual agreed to insure and indemnify for medical payments for Plaintiff.[7] Plaintiff asserts that as a result of the accident she has suffered mental and physical pain for which she seeks compensation.[8]

On April 28, 2023, Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans.[9] Plaintiff brings this action against Defendants Auto Owners Insurance, By the Sea, Holloway, and Liberty Mutual.[10] Holloway was served with process on May 15, 2023.[11] By the Sea maintains that it was served with process on May 15, 2023.[12] Auto Owners asserts that it was served with process of May 19, 2023.[13]

---

[4] Rec. Doc. 2-2 at 5.

[5] *Id.*

[6] *Id.* at 6.

[7] *Id.* at 7.

[8] *Id.* at 8.

[9] Rec. Doc. 2-2 at 4—10.

[10] *Id.* at 4.

[11] Rec. Doc. 2-3 at 2.

[12] Rec. Doc. 2 at 1.

[13] *Id.* at 2.

On June 14, 2023, Auto Owners, Holloway, and By the Sea filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq.*[14] A Consent to Removal was attached thereto and signed by a representative of Liberty Mutual.[15] Plaintiff filed the instant Motion to Remand on July 12, 2023.[16] Removing Defendants filed a Memorandum and Opposition to the Motion to Remand on August 1, 2023.[17]

## II. Parties' Arguments

### A. Plaintiff's Argument in Support of Motion to Remand

Plaintiff moves the Court to remand this case to the Civil District Court for the Parish of Orleans because she asserts that removal of this matter was not proper under 28 U.S.C. 1446(b)(2)(A), as Liberty Mutual did not properly consent to removal.[18] Plaintiff concedes that the Removing Defendants filed a Consent to Removal signed by a lawyer for Liberty Mutual as an attachment to the Notice of the Removal, but Plaintiff argues that "Liberty Mutual has not actually filed a Consent to Removal in the record itself."[19] Plaintiff maintains that under 28 U.S.C. 1446(b)(2)(A), a defendant must consent to the removal itself.[20] According to Plaintiff, "it is not clear that Liberty Mutual has consented 'itself' when it has never appeared to file a consent within

---

[14] *Id.*

[15] Rec. Doc. 2-5.

[16] Rec. Doc. 8.

[17] Rec. Doc. 9.

[18] Rec. Doc. 8.

[19] Rec. Doc. 8-1 at 2.

[20] *Id.*

thirty days of being served with the petition."[21] As such, Plaintiff argues that the matter should be remanded due to this alleged procedural defect.[22]

### B. Removing Defendants' Argument in Opposition of Motion to Remand

Removing Defendants maintain that Liberty Mutual has provided timely consent to removal as displayed by the Consent to Removal signed by its counsel.[23] Defendants assert that the law requires "some timely filed written indication from each served defendant, or some personal or entity acting on its behalf and with authority to do so, that the non-removing defendant has consented to removal."[24] Removing Defendants point out that there are no additional requirements or instructions in the text of the statute, and that a consent to removal need not be filed separately from the notice of removal.[25]

## III. Law and Analysis

When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must joint in or consent to the removal of the action.[26] In *Getty Oil Corporation v. Insurance Company of North America*, the Fifth Circuit explained that "although consent to removal is all that is required under section 1446, a defendant must do so itself."[27] "This does not mean that each defendant must sign the original [notice of] removal, but there must be some timely filed written indication from each served defendant, or from some person or entity

---

[21] *Id.* at 2—3.

[22] *Id.* at 3.

[23] Rec. Doc. 9 at 1—2.

[24] *Id.* at 2.

[25] *Id.* at 2—3.

[26] 28 U.S.C. 1446(b)(2)(A)

[27] 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."[28]

Plaintiff alleges that there is a procedural defect in the removal process because "Liberty Mutual did not actually file a Consent to Removal in the record itself."[29] Plaintiff asserts that the Consent to Removal in this case is insufficient because it was filed into the record by Removing Defendants as an attachment to the Notice of Removal and was not filed by Liberty Mutual "itself." However, Plaintiff misconstrues the Fifth Circuit's holding in *Getty Oil*. There, the Fifth Circuit found that the record did not establish that a non-removing defendant consented to removal because the only indication of the non-removing defendant's consent was a certificate signed by the removing defendant.[30] Here, the Consent to Removal is clearly signed by counsel for Liberty Mutual.[31] Therefore, there is a timely filed written indication from someone acting on behalf of Liberty Mutual showing that it has actually consented to removal.[32]

---

[28] *Id.*

[29] Rec Doc. 8-1 at 2.

[30] *Getty Oil Corp.*, 841 F.2d at 1262 n.11 ("In the present case, nothing in the record, except [the removing defendant's] unsupported statement in the original removal petition, indicates that [the non-removing defendant] actually consented to removal when the original petition was filed.").

[31] Rec. Doc. 2-5.

[32] *Getty Oil Corp.*, 841 F.2d at 1262 n.11.

For the reasons stated herein, Liberty Mutual has clearly and unambiguously manifested its consent indicated by the Consent to Removal signed by its counsel and attached to the Notice of Removal.[33] Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[34] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this   10th   day of August, 2023.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[33] Rec. Doc. 1-5.

[34] Rec. Doc. 8.